11/30/2020 8:00 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-20-007178**
**Victoria Benavides**

CAUSE NO. D-1-GN-20-007178 _____

| | | |
|---|---|---|
| **WC 707 CESAR CHAVEZ, LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **CESAR RAINEY STREET, LLC** | § | |
| | § | |
| **Defendant.** | § | 353rd _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY AND PERMANENT INJUNCTION

Plaintiff WC 707 CESAR CHAVEZ, LLC, ("Borrower") files this Original Petition and Application for Temporary Restraining Order, Temporary and Permanent Injunction against Defendant CESAR RAINEY STREET, LLC ("Anonymous Lender") and in support thereof shows the Court the following:

### I.  SUMMARY

1.      This is a simple case – Borrower seeks to pay off Defendant Lender in advance of the December 1, 2020 foreclosure date, and indeed has committed financing to repay the Defendant Lender in advance of that date. Defendant Lender refuses to provide a payoff quote, and payoff instructions, and on information and belief, will refuse to cooperate with the title company to allow the consummation of the loan payoff. Such improper, bad faith and inexplicable behavior cannot be allowed. Borrower seeks a Temporary Restraining Order to enjoin Defendant Lender from proceeding with the December 1 foreclosure and to require Defendant Lender to cooperate with Borrower and title to consummate the payoff and release of Defendant Lender's mortgage note lien.

1

2.      Plaintiff Borrower is the owner of a certain commercial real estate property in Austin, Travis County, Texas (the "Property"). The Property is financed by a promissory note in the original amount of $2,713,252 (the "Note").

3.      Defendant, Cesar Rainey Street, LLC, is a recently formed, anonymous shell entity, with layers of nominee managers and lawyers, designed to surreptitiously protect, hide and shield the identities of their principals. Defendant can be served through its registered agent Mr. Justin M Bayne, 500 W 2nd Street, Ste 1900, Austin Texas 78701, or wherever its agent for service of process may be found, and is being provided notice through its general counsel, Mark Riley, 2726 Bissonnet St., #240-244, Houston, Texas 77005-1352, email: riley@riley-cpa-law.com.

4.      Anonymous Lender purportedly purchased the Note on or about September 9, 2020 and seeks to foreclose on the Property on December 1, 2020. Borrower has a committed refinancing of the Property. The funds to completely satisfy the Note and all loan obligations to provide Anonymous Lender with a full payoff will be confirmed to be on deposit in escrow account and said funds will be immediately available to be paid to Anonymous Lender on or before November 30, 2020. However, in bad faith, Anonymous Lender has refused to engage with Borrower, has refused to provide Borrower with an accurate final payoff statement, remittance instructions and lien releases to allow a loan payoff prior to the foreclosure date. Anonymous Lender is intentionally interfering with Borrower's pay off the loan so that Anonymous Lender, itself, may take the property at the foreclosure sale and benefit from the considerable excess equity in the Property that has an estimated current value of at least millions of dollars in excess of the debt based on tax appraisals alone.

2

**A. Lender Intentionally Refuses to Provide Loan Payoff Information Thwarting Borrower's Ability to Satisfy the Loan Obligations.**

5.      On November 10, 2020, Borrower received a notice of a substitute trustee sale scheduled for December 1, 2020, a true and correct copy of which is attached as **Exhibit A**.

6.      On November 25, 2020, Borrower contacted Anonymous Lender through its general counsel Mark Riley requesting an updated payoff statement.  Anonymous Lender did not respond to the email request. Mr. Riley also failed to pick up or return multiple calls from Borrower's counsel and title seeking cooperation with the requests.

7.      Shockingly, despite Mr. Riley's failure to respond to the title company on November 25, 2020 with the information needed to complete the loan payoff, he instead texted the principal of the Borrower a series of harassing messages through the evening of November 25, 2020, seemingly attempting to taunt Borrower's principal regarding the obstruction of the loan payoff. A true and correct copy of the harassing text messages is attached here as **Exhibit B**. Not only is this behavior inappropriate for the obvious reasons, but it is also duly inappropriate given that Borrower is represented by counsel and Mark Riley, a licensed attorney is aware of the same.

8.      On November 27, 2020, Borrower contacted Anonymous Lender through its general counsel Mark Riley a second time requesting a payoff statement. Anonymous Lender did not respond.

9.      As of the date of this filing, Anonymous Lender has refused to provide payoff information sufficient to permit Borrower to satisfy the debt.

10.     An affiliate of Borrower is currently involved in another payoff dispute with an

3

affiliate of Anonymous Lender, in which its general counsel Mark Riley, also general counsel for Anonymous Lender here, refuses to cooperate with the affiliate borrower to provide necessary information to allow a full loan payoff prior to the December 1 foreclosure sale. Anonymous Lender's actions both in that action and here are designed to frustrate the payoff of the subject loans prior to the December 1 foreclosure date in bad faith.

11.     In a previous October request for a loan payoff quote, Borrower received correspondence from Cesar Rainey Street LLC indicating that it was insisting on enforcing a certain cross collateralization agreement involving a separate property owned by a separate borrower, WC Custer Creek Center Property, LLC (the "Cross-Collateralization Agreement"). Given that the original Cross-Collateralization Agreement was for the benefit of Amplify Credit Union, the Cross-Collateralization Agreement became non-operational after Anonymous Lender's purchase of the Note.

12.     Further, on November 3, 2020, the previously cross-collateralized borrower, WC Custer Creek Center, LLC filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code. As a result, the property secured by the loan to WC Custer Creek Center, LLC is part of that debtor's bankruptcy estate, as such, Anonymous Lender cannot insist Borrower pay any debts for WC Custer Creek Center, LLC even if these parties desired to do so.

13.     Given Anonymous Lender's non-response to the request for payoff quote, and prior assertion of an erroneous cross-collateralization matter, Borrower seeks this Court's determination of the appropriate amount that Anonymous Lender may request for a payoff of its Note.

14.     But for the frustrating and intentionally interfering non-response from Anonymous

4

Lender, Borrower would be able to complete the pay off of this loan and avoid a scheduled December 1, 2020 foreclosure. Anonymous Lender intentionally does not want Borrower to pay off the loan so that it may take the property and benefit from the considerable excess equity.

15.     Plaintiff's application for a temporary restraining order is authorized by Texas Civil Practice and Remedies Code § 65.011 since Plaintiff is entitled to a writ of injunction or order of restraint under the principal of equity.  Furthermore, irreparable injury to Plaintiff is threatened and as such it is necessary to preserve the status quo.

## CAUSES OF ACTION

### A.  Breach of Contract.

16.     Borrower incorporates by reference herein for all purposes the allegations of the preceding paragraphs verbatim.

17.     Plaintiff Borrower and its original lender are parties to a valid enforceable contract directly between the parties.  Anonymous Lender is a purported assignee and holder of the Note with the authority to enforce the Deed of Trust. Anonymous Lender seeks to block Borrower from making payment in full to satisfy the debt obligation and release the lien on the Property. Anonymous Lender also seeks to improperly charge Borrower interest on its Note while intentionally preventing a loan payoff of the Note. Anonymous Lender also seeks to improperly charge legal fees, and fails to apply escrow credits on its purported Loan Payoff Quote.

18.     Defendant Anonymous has breached the Note and Deed of Trust and its contractual agreements with Plaintiff. As a beneficiary and/or a party to all of these contracts, Defendant's breach and attempt to convert Borrower's property has injured Plaintiff.

5

19.     Plaintiff is entitled to recover is damages against Defendant for its actual, consequential, and out-of-pocket damages, court costs, attorneys fees, expenses and interest.

**B. Declaratory Judgment.**

20.     Plaintiff incorporates by reference herein for all purposes the allegations of the preceding paragraphs verbatim.

21.     Additionally, alternatively, and without waiver of the foregoing, pursuant to Texas Civil Practices and Remedies Code, §37.003, Plaintiff requests the Court determine (i) the correct Loan payoff amount for the Property and (ii) the rights and obligations of the parties with respect to the Note, Deed of Trust and other loan documents, and (iii) the rights and obligations of the parties with respect to the Property and any future scheduled foreclosure sale. A present, actual, and justiciable controversy exists in that Plaintiff is seeking judicial determination under the contracts between the parties.

22.     Plaintiff seeks attorney's fees pursuant to Texas Civil Practices and Remedies Code, §37.009 and seeks determination if and what amount of attorney's fees for violation of agreements and certain provisions of Texas law would be proper.

## II.     <u>ARGUMENTS AND AUTHORITIES</u>

23.     By refusing to provide a loan payoff statement, payment instructions and a lien release for the Note, Defendant Anonymous Lender is intentionally interfering with Borrowers ability to satisfy its obligations and pay the Defendant in full, while at the same time insisting on proceeding with a non-judicial foreclosure on December 1, 2020. Defendant is engaged in this exercise to attempt to wrongfully reap the benefit of millions of dollars of excess equity in the Property for itself.

6

24.     Texas Property Code §51.002(d) requires that the debtor be given twenty (20) days to cure the default under a deed of trust. Here, Borrower has not been given any opportunity to cure by reason of Lender's outright refusal to provide a payoff quote or payment instructions. Funds in excess of the loan obligations are deposited with a third-party title company and are ready to be transferred to Defendant to cure the default, but Defendant refuses to cooperate to allow Borrower to satisfy the debt.

25.     Accordingly, this Court should issue an injunction preventing the scheduled foreclosure on December 1, 2020, until such time as this Court can make a determination of the actual amount owed under the Loan and compel Defendant to provide payment instructions, a lien release in satisfaction of the debt, and any other customary information needed to allow a mortgage note payoff.

26.     In light of the foregoing, Plaintiff respectfully requests that this Court issue a Temporary Restraining Order as well as Temporary and Permanent Injunction to maintain the status quo and to enjoin Anonymous Lender's attempt to conduct a non-judicial foreclosure on the Borrower's property.

### III.     <u>CONCLUSION</u>

27.     Plaintiff has shown a probability of recovery on the merits of its claim that Anonymous Lender's actions fail to comply with the Texas Property Code, are in breach of the Note, are in bad faith and are intentional, and that the Defendant has intentionally acted to deprive Borrower of its collateral in order to realize a windfall. Further, balancing the equities, Anonymous Lender is secure in its economic position as the underlying real estate is worth millions of dollars in

7

excess of the outstanding debt, such that a temporary restraining order would not prejudice or harm Anonymous Lender while the underlying disputes are resolved. By contrast, should Borrower be deprived of its unique and valuable real estate, it would be irreparably harmed. *Stewart Beach Condo. Homeowners Ass'n, Inc. v. Gili N Prop Investments*, LLC, 481 S.W.3d 336, 350 (Tex. App.— Houston [1st Dist.] 2015, no pet.) ("every piece of real estate is unique, and if foreclosure were allowed before a full determination of the underlying claim, the homeowner would be irreparably harmed.")

28.     Plaintiff is ready and willing to post a bond as required by Texas law, and requests that the Court set the bond for an amount not to exceed $1,000 for the temporary restraining order and again for the temporary injunction.

29.     Anonymous Lender is not likely to be prejudiced by such an injunction as demonstrated by its significant equity cushion of millions of dollars of value in the Property in excess of the outstanding Loan, and as Anonymous Lender stands to be paid in full immediately after the Court determines the appropriate loan payoff amount for the Note.

30.     Finally, issuing the requested temporary restraining order will maintain the status quo until such time as this Court can take evidence to determine whether a temporary injunction to enforce Borrower's right to pay off the loan on the Property should be entered. Plaintiff reserves the right to further amend its petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear

8

and answer herein, and upon final hearing hereof, Plaintiff have and recover judgment of and from

Defendants as follows:

1. Injunctive relief in the form of a Temporary Restraining Order and a Temporary injunction after notice to Defendant, and all necessary writs prayed for herein;

2. Actual damages in an amount as determined by the Court and within the Court's jurisdiction;

3. Reasonable attorneys' fees, expenses of litigation, and court costs;

4. Pre-judgment interest and post-judgment interest at the maximum rates allowed by law; and

5. Such other relief, both general and special, at law and in equity, to which the Plaintiff may show itself justly entitled.

**BRIAN ELLIOTT, in association with**
**SCALE, LLP**

/s/ Brian Elliott
Brian Elliott
Bar No: 24101036
315 Montgomery St, 10th Floor
San Francisco, CA 94104
Telephone: (415) 735-5933
Facsimile: (713) 622-9899
Email: brian@scalefirm.com

**COUNSEL FOR PLAINTIFF**

9

## IV. <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 27th day of November, 2020, a true and correct copy of the foregoing was forwarded via the Court's electronic filing service and e-mail to the following:

Mark Riley

Attorney-at-Law

2726 Bissonnet St., #240-244

Houston, Texas 77005-1352

Email: Riley@Riley-CPA-Law.com

Attorney for Defendant

/s/ Brian Elliott

Brian Elliott

PLAINTIFFS APPLICATION FOR TEMPORARY RESTRAINING
ORDER, TEMPORARY AND PERMANENT INJUNCTION

## **VERIFICATION**

STATE OF TEXAS          §
                        §
COUNTY OF TRAVIS  §

BEFORE ME, the undersigned authority, on this day personally appeared Jeremy Stoler authorized agent of WC 707 Cesar Chavez, LLC, Plaintiff in the above-entitled and numbered cause; that he has read the above and foregoing Petition and Application for Temporary Restraining Order and that the facts contained therein are within my personal knowledge and they are all true and correct.

                    FURTHER AFFIANT SAYETH NOT.


_____
Jeremy Stoler

State of Virginia, County of Arlington

SWORN TO AND SUBSCRIBED before me on the  27  day of November, 2020

**Timothy Oladamola Olukanni**
REGISTRATION NUMBER
7888148
COMMISSION EXPIRES
**October 31, 2024**

_____
Notary Public
Notarized online using audio-video communication

11

PLAINTIFFS APPLICATION FOR TEMPORARY RESTRAINING
ORDER, TEMPORARY AND PERMANENT INJUNCTION

# EXHIBIT A

# BRACEWELL

November 10, 2020

WC 707 Cesar Chavez, LLC
c/o World Class
814 Lavaca St.
Austin, Texas 78701
Attn: Natin Paul
Certified Mail RRR #  9590926699042171880052

WC 707 Cesar Chavez, LLC
244 Fifth Avenue, Suite 2200
New York, New York 10001
Attn: Natin Paul
Certified Mail RRR #  9590926699042171880090

Mr. Natin Paul
244 Fifth Avenue, Suite 2200
New York, New York 10001
Attn: Natin Paul
Certified Mail RRR #  9590926699042171880069

Mr. Natin Paul
c/o World Class
814 Lavaca St.
Austin, Texas 78701
Certified Mail RRR #  9590926699042171880106

World Class Holdings, LLC
814 Lavaca St.
Austin, Texas 78701
Attn: Natin Paul
Certified Mail RRR #  9590926699042171880076

World Class Holdings, LLC
244 Fifth Avenue, Suite 2200
New York, New York 10001
Certified Mail RRR #  9590926699042171880113

World Class Holdings III, LLC
814 Lavaca St.
Austin, Texas 78701
Attn: Natin Paul
Certified Mail RRR #  9590926699042171880083

World Class Holdings III, LLC
244 Fifth Avenue, Suite 2200
New York, New York 10001
Certified Mail RRR #  9590926699042171880120

Mr. Brian Elliott
World Class Global Business Services
814 Lavaca St.
Austin, Texas 78701
Via email: belliott@world-class.com ; brian@scalefirm.com

### NOTICE OF SUBSTITUTE TRUSTEE'S SALE

Re:     Real Estate Lien Note (the "Note") dated April 20, 2017 in the original principal sum of
$2,713,252.00 executed by WC 707 Cesar Chavez, LLC ("Maker" or "Borrower") and payable
to Cesar Rainey Street LLC ("Lender"), successor by assignment to Amplify Credit Union,
secured by a Deed of Trust (with Security Agreement) dated April 20, 2017 (the "Deed of Trust")
on Lots 7, 8, 9 and 10, Block 190 of the ORIGINAL CITY OF AUSTIN, a subdivision in Travis
County, Texas, as further described therein (the "Collateral" or the "Mortgaged Property") and

**Christopher L. Dodson**
Partner

T: +1.713.221.1373      F: +1.800.404.3970
711 Louisiana Street, Suite 2300, Houston, Texas 77002-2770
chris.dodson@bracewell.com      bracewell.com

# BRACEWELL

November 10, 2020
Page 2

        guaranteed by Natin Paul, World Class Holdings, LLC and World Class Holdings III, LLC (collectively, the "Guarantors").

Ladies and Gentlemen:

Enclosed please find a copy of the Notice of Substitute Trustee's Sale that was posted at the Travis County Courthouse, Austin, Texas and filed with the Travis County Clerk, Texas in connection with the exercise of the Lender's rights and remedies under the Deed of Trust and related loan documents.

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

Very truly yours,

BRACEWELL LLP

Christopher L. Dodson

cc:    Mr. Mark Riley
       (Via electronic mail: Mark.Riley@Riley-CPA-Law.com )

       Cesar Rainey Street LLC
       (Via electronic mail)

‖‖‖‖‖‖‖‖‖‖‖‖‖ 4 pgs    202040505

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

Notice is hereby given that a public sale at auction of the Mortgaged Property (as defined in the recorded Deed of Trust, defined below) will be held at the date, time and place specified in this notice

**STAYS IN FILE**

PROPERTY TO BE SOLD

That certain property located in Travis County, Texas, and more particularly described on Exhibit A attached hereto and made a part hereof for all purposes,

Together with all improvements, buildings, easements, furniture, fixtures, equipment, personal property, intangibles, leases, rents, revenues, contracts, plans, accounts, permits, licenses, and all other property interests, and rights of any kind or nature whatsoever described in the Deed of Trust (defined below)

DATE OF SALE  Tuesday, the 1st day of December, 2020 (which is the first Tuesday of that month)

TIME OF SALE  The earliest time at which the sale shall occur is 1 00 o'clock p m   The sale shall begin at that time or not later than three hours after that time

PLACE OF SALE  The west steps of the Travis County Courthouse, 1000 Guadalupe St , Austin, Texas 78701, or as designated by the Commissioner's Court pursuant to Section 51 002 of the Texas Property Code as a place where foreclosure sales are to take place

**INFORMATION REGARDING THE DEED OF TRUST LIEN THAT IS THE SUBJECT OF THIS SALE AND THE INSTRUMENT TO BE FORECLOSED**

NAME OF DOCUMENT  Deed of Trust (with Security Agreement) dated April 20, 2017, as assigned by that certain Assignment and Assumption of Note and Security Instruments dated September 9, 2020, as such deed of trust may have been modified, amended, restated or extended (the "Deed of Trust")

DATE  April 20, 2017

GRANTOR  WC 707 CESAR CHAVEZ, LLC, a Delaware limited liability company

BENEFICIARY  CESAR RAINEY STREET LLC, a Texas limited liability company, successor by assignment from Amplify Credit Union, a Texas banking corporation

SUBSTITUTE TRUSTEES  Mark Riley, Angela Zavala, and Michelle Jones

RECORDING INFORMATION  Instrument Number 2017063353, Official Public Records of Travis County, Texas, filed on April 21, 2017, as assigned by Instrument Number 2020175517, Official Public Records of Travis County, Texas, filed on September 23, 2020

NOTE  Real Estate Lien Note dated April 20, 2017 in the amount of $2,713,252 00, together with any riders, change in terms, renewals, modifications or extensions

**INDEBTEDNESS SECURED**

NAME OF DOCUMENTS  Loan Agreement dated April 20, 2017, as assigned by that certain Assignment and Assumption of Note and Security Instruments dated September 9, 2020, and all other documents delivered in connection therewith (the "Loan Agreement")

DATE  April 20, 2017

FACE AMOUNT  $2,713,252 00

BORROWER  WC 707 CESAR CHAVEZ, LLC, a Delaware limited liability company

LENDER  CESAR RAINEY STREET LLC, a Texas limited liability company, successor by assignment from Amplify Credit Union, a Texas banking corporation

**SUBSTITUTION OF TRUSTEE**

NAME OF DOCUMENT  Appointment of Substitute Trustee

DATE  November 9, 2020

NAME/ADDRESS OF SUBSTITUTE TRUSTEES

Mark Riley
2726 Bissonnet St , #240-244
Houston, Texas 77005-1352

Angela Zavala
Foreclosure Network of Texas
10406 Rockley Road
Houston, Texas 77099

Michelle Jones
Foreclosure Network of Texas
10406 Rockley Road
Houston, Texas 77099

DEFAULT AND REQUEST TO ACT

Numerous Defaults and Events of Default (each as defined in the Loan Agreement) have occurred under the Loan Agreement and the other Loan Documents (as defined in the Loan Agreement) which are secured by the Deed of Trust  The obligations under the Loan Agreement are fully due and payable  The Lender has directed that the Substitute Trustee under the Deed of Trust, conduct this nonjudicial foreclosure and sell the Mortgaged Property, the proceeds of such sale to be applied in accordance with the provisions of the Deed of Trust and the Loan Agreement

Therefore, at the date, time, and place set forth above, the Substitute Trustee will sell at public auction the Mortgaged Property to the highest bidder for cash, pursuant to the terms of the Deed of Trust  Those desiring to purchase the Mortgaged Property must be able to demonstrate their

ability to pay cash on the date the Mortgaged Property is sold  The sale will be made expressly subject to any title matters set forth in the Deed of Trust, but prospective bidders are reminded that by law the sale will also be made subject to all matters of record affecting the Mortgaged Property, if any, to the extent that they remain in force and effect and have not been subordinated to the Deed of Trust  Prospective bidders are strongly urged to examine the applicable property records to determine the nature and extent of such matters, if any  The Mortgaged Property will be sold in an "as-is, where is, with all faults" condition, without any express or implied warranties, except as to the warranties of title (if any) provided for under the Deed of Trust  Prospective bidders are advised to conduct an independent investigation of the nature and condition of the Mortgaged Property  The Deed of Trust may encumber both real and personal property  Formal notice is given of Lender's election to proceed against and sell both the real property and the personal property described in the Deed of Trust consistent with Lender's rights and remedies under the Deed of Trust and also Section 9 604 of the Texas Business and Commerce Code

**NOTICE REGARDING MILITARY SERVICE    ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES  IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY**

IN WITNESS WHEREOF this Notice of Substitute Trustee's Sale has been executed on this the 9th day of November, 2020

_____
Mark Riley, Substitute Trustee

THE STATE OF TEXAS          §
                            §
COUNTY OF HARRIS            §

This instrument was ACKNOWLEDGED before me on November 9, 2020, by Mark Riley, as Substitute Trustee, who acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated

JORGE R CANTU
Notary Public State of Texas
Comm Expires 04-11-2021
Notary ID 6829386

Notary Public in and for the State of Texas
My Commission Expires
Printed Name

## EXHIBIT A

## LEGAL DESCRIPTION

Lots 7, 8, 9 and 10, Block 190 of the ORIGINAL CITY OF AUSTIN, a subdivision in Travis County, Texas, according to the Plat on file at the General Land Office of the State of Texas, being more particularly described by metes and bounds as follows

Beginning at an iron rod found at the south side of East Cesar Chavez Street (80' wide), the same being the west side of Interstate Highway 35, thence along Interstate Highway 35, South 18°54'00" West 153 83' to an iron rod found, thence along Driskill Street, North 71°05'43" West, 171 91' to an iron rod found, thence along the same, North 71°06'10" West, 43 36' to an iron rod found, thence along lands of James J Pecora, Sr , Trustee, North 18°50'16" East, 154 17' to an iron rod found, thence along East Cesar Chavez Street, South 70°54'35" East, 43 40' to a PK nail found, thence South 71°01'46" East, 172 03' to the point and place of beginning Containing 0 76 of an acre of land, more or less



**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

Dana DeBeauvoir, County Clerk
Travis County, Texas

**202040505**       Nov 10, 2020 11 57 AM
Fee $3 00       **MEDINAE**

# EXHIBIT B



