# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | § | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| WC 707 CESAR CHAVEZ, LLC | § | CASE NO. 25-11915 |
| | § | |
| DEBTOR. | § | |
| | § | |

## ADDENDUM TO PROOF OF CLAIM FILED BY CESAR RAINEY STREET LLC

1.  <u>Claimant</u>. Cesar Rainey Street LLC ("<u>Claimant</u>") hereby files this addendum ("<u>Addendum</u>") to its proof of claim ("<u>Claim</u>") against WC 707 Cesar Chavez, LLC (the "<u>Debtor</u>").

2.  <u>Background of Claim</u>. The Claim is based on amounts due and owing by the Debtor under the Note and related Loan Documents. Pursuant to that certain Loan Agreement dated as of April 20, 2017, (as amended, restated, supplemented, or otherwise modified from time to time, the "<u>Loan Agreement</u>"), Amplify Credit Union (the "<u>Original Lender</u>"), agreed to extend a loan to the Debtor. The Loan Agreement is evidenced by a Real Estate Lien Note dated April 20, 2017 (the "<u>Note</u>"), under which Debtor is obligated to pay the original principal amount of $2,713,252.00 plus interest (the "<u>Loan</u>"). The Note is secured by a lien on the Property pursuant to a Deed of Trust (with Security Agreement) (the "<u>Deed of Trust</u>") dated April 20, 2017, and an Assignment of Leases and Rents (the "<u>Assignment of Leases</u>"). World Class Holdings, LLC, World Class Holdings III, LLC, and Natin "Nate" Paul (together, the "<u>Guarantors</u>" and, each in such capacity, a "<u>Guarantor</u>") guaranteed repayment of the Note, each as evidenced by a Guaranty Agreement dated April 20, 2017 (together, the "<u>Guaranties</u>").

3.  Debtor failed to make the April and May 2020 payments on the Note and, as a result, the Original Lender sent a Notice of Default and Intent to Accelerate ("<u>First Notice of</u>

Default") to Debtor on May 27, 2020, which stated that the Note was delinquent and demanded immediate payment of the past due amount of $34,162.01. If Debtor did not pay this amount on or before ten (10) days from the date of the Notice of Default, the Original Lender stated that it would accelerate the Note and take legal action against Debtor. On June 12, 2020, Original Lender sent a second Notice of Default ("Second Notice of Default") after the Debtor failed to make the June 2020 payment on the Note. The Second Notice of Default stated that the Note was delinquent and demanded immediate payment of the past due amount of $50,023.41. If Debtor did not pay this amount on or before ten (10) days from the date of the Notice of Default, the Original Lender again stated that it would accelerate the Note and take legal action against Debtor.

4. June 29, 2020, the Original Lender sent a Notice of Acceleration ("Notice of Acceleration") to Debtor, which notified Debtor that the entire indebtedness owing on the Note and all interest accrued but unpaid thereon, totaling $2,605,284.35, had been accelerated and was due and payable in full.

5. On September 9, 2020, Original Lender transferred all of its right, title and interest in and to the Loan and the "Loan Documents," (which Loan Documents include, but are not limited to, (i) the Note, (ii) the Loan Agreement, (iii) the Deed of Trust, (iv) the Assignment of Leases, and (v) the Guaranties) to Lender under that certain Assignment and Assumption of Note and Security Instruments (the "Assignment"). Pursuant to the Assignment, the Lender has a first priority lien on the Property as security for the Loan made to the Debtor. The Assignment was duly recorded on September 23, 2020, as Instrument Number 2020175517 in the Official Public Records of Travis County, Texas.

6. True and correct copies of the Note, the Loan Agreement, the Deed of Trust, Assignment of Leases, the Guaranties, the First and Second Notice of Default, the Notice of Acceleration, and the Assignment are attached hereto.

7. <u>Amount of Claim</u>. As of December 2, 2025, (the "<u>Petition Date</u>"), Debtor was justly and lawfully indebted and liable, without defense, counterclaim, or offset of any kind, to the Claimant as follows: (a) a liquidated aggregate amount of not less than: (i) $2,553,137.72 in aggregate principal; (ii) $1,335,744.55 ($2,572,711.78 interest less $1,236,967.23 rent collected)[1] in accrued and unpaid interest; (iii) $1,254,636.56 in various fees, expenses, and costs; for a total of not less than $5,143,518.83; and (b) in a contingent, unliquidated amount, for costs, fees and expenses (including attorneys' fees) for indemnification and reimbursement claims for attorneys and other advisors and consultants engaged by the Claimant pursuant to the Note and related Loan Documents. The Claimant continues to incur attorneys' fees and other costs and will supplement this Claim at a later date to provide the specific amount of such expenditures entitled to reimbursement from the Debtor. A summary of the claim amount as of the Petition Date is attached hereto.

8. <u>Interest</u>. Pursuant to the Note, the principal amount owed under the Note shall accrue interest. The Note provides that interest on all amounts loaned under the Note was at a fixed rate of five percent (5%) per annum. Once the Debtor defaulted on its obligations under the Note, the unpaid principal balance accrued at the Default Rate of eighteen percent (18.00%) interest per annum.

9. <u>Security</u>. This Claim is asserted as a secured claim to the extent of the value of the collateral that is further described in the Deed of Trust, including, but not limited to: (i) the real

---

[1] Pursuant to the terms of the Note, payments are first credited to accrued unpaid interest, then to principal.

property, including improvements and all other related personalty thereon, located at 707 E Cesar Chavez St., Austin, Texas 78701 (the "Property"), (ii) Debtor's personal property thereon, both tangible and intangible (the "Personal Property"), and (iii) all rents, income, profits, and any other consideration payable to Debtor with respect to the lease of the Property, whether existing before or after the Petition Date, per 11 U.S.C. § 552(b) (together, the "Prepetition Collateral"). Claimant holds properly perfected first priority security interests in and liens upon the Prepetition Collateral based upon, among other things, Claimant having filed appropriate Uniform Commercial Code financing statements, fixture filings and recorded appropriate mortgages. These financing documents are attached hereto.

10. Judgment. No judgment has been rendered on the Claim.

11. Setoff. Debtor's indebtedness to the Claimant is also secured, pursuant to §§ 506(a) and 552 of the Bankruptcy Code, by any funds held by the Claimant on the Petition Date, which funds were subject to the Claimant's right of setoff under applicable law or the Loan Documents.

12. Notices. All notices to the Claimant concerning this Claim should be sent to:

Cesar Rainey Street LLC
Attn: Mark Riley
2731 Robinhood St
Houston, Texas 77005-2433

Copies of all notices to the Claimant concerning this Claim should be sent to:

Bracewell LLP
Attn: Jason G. Cohen
711 Louisiana St., Suite 2300
Houston, Texas 77002

The request for copies of notices to be sent to Bracewell LLP shall not be deemed authorization of Bracewell LLP to accept service of process on behalf of the Claimant.

13. Protective Filing/Amendments. This Claim is filed to protect the Claimant from

forfeiture of its Claim. The execution and filing of this Claim is not (i) a waiver or release of any of the Claimant's rights against any entity or person liable for all or part of the Claim, (ii) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimant, (iii) a waiver of the right to withdraw the reference with respect to the subject matter of the Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving the Claimant, (iv) an election of remedy that waives or otherwise affects any other remedy, or (v) a waiver or release of any of the Claimant's rights against any third party.

14. <u>Reservation of Rights</u>. Claimant expressly reserves its right to (i) amend or supplement this Claim in any respect, and (ii) file additional proofs of claim for claims not covered by this proof of claim, including any claim arising under § 365 of the Bankruptcy Code.

**Summary of Claim**

As of December 2, 2025, the amount owing under the Loan Documents was as follows:

| Amount Due as of December 2, 2025 | Totals |
|---|---:|
| Unpaid Principal Balance | $ 2,553,137.72 |
| Unpaid Interest at the Contract Rate | $42,552.30 |
| Unpaid Default Interest[2] | $2,530,159.48 |
| Less: Tenant Payments Received | ($1,236,967.23) |
| Attorneys' Fees and Other Charges[3] | $1,254,636.56 |
| **Total** | **$ 5,143,518.83** |

---

[2] Interest continues to accrue at the default rate in the amount of $1,276.57 per diem.
[3] Fees and costs continue to accrue in accordance with the Loan Documents.